924 F.2d 1057
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley BOSWELL, Plaintiff-Appellant,
v.
Peter VIDOR; Churchill, Lieutenant, Defendants-Appellees.
 No. 90-1633.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1991.
 
 1
 Before KEITH and KRUPANSKY, Circuit Judges; and WELLFORD,* Senior Circuit Judge.
 
 ORDER
 
 2
 Stanley Boswell, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Boswell sued two Michigan state prison officials in their individual and official capacities alleging that defendants subjected him to cruel and unusual punishment and violated his due process rights when they placed him on a "food loaf" diet for two days following a major misconduct charge of disobeying a direct order to return his food tray. Boswell was ultimately found guilty of the misconduct charge. Prison policy authorizes serving food loaves for those segregated inmates who refuse to return their trays.
 
 
 4
 Defendants filed a motion to dismiss and Boswell responded. The district court granted defendants' motion and dismissed the complaint finding that the serving of food loaves did not constitute cruel and unusual punishment because the loaves did meet nutritional and caloric requirements. The court also found no due process violation. The court denied Boswell's motion to reconsider and later granted Boswell leave to proceed in forma pauperis on appeal.
 
 
 5
 On appeal, plaintiff reasserts his claim and requests the appointment of counsel.
 
 
 6
 Upon review, we shall affirm the district court's judgment essentially for the reasons stated therein. This is Boswell's third appeal challenging the Michigan Department of Correction's authority to serve food loaves to those segregated inmates who misbehave during meal times. We conclude that the serving of food loaves does not constitute cruel and unusual punishment because the loaves are nutritionally adequate for the maintenance or normal health. See Cunningham v. Jones, 567 F.2d 653, 656 (6th Cir.1977); United States v. Michigan, 680 F.Supp. 270, 275 (W.D.Mich.1988).
 
 
 7
 Nor was there a due process violation when Boswell was placed on food loaves for two days without first being afforded a hearing. Prison policy authorizes immediate placement of prisoners on a food loaf diet following misbehavior. Boswell received a misconduct hearing shortly after his placement on a food loaf diet. These procedures satisfy constitutional mandates.
 
 
 8
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 Judge Wellford assumed senior status on January 21, 1991