27 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lynzell CHILDS, Plaintiff-Appellant,
v.
Jerry HOFBAUER; F. Terry; L. Anderson; Phillip Samson;
Terry Scott, Defendants-Appellees.
 No. 94-1099.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1994.
 
 1
 Before: KENNEDY and SILER, Circuit Judges; and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Lynzell Childs, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, injunctive and declaratory relief, Childs sued officials and correction officers of the Michigan Department of Corrections in their individual and official capacities. He alleged that the defendants violated his Eighth and Fourteenth Amendment rights by placing him on a nutraloaf diet, by delaying in removing Childs's restraints on one occasion so that he could use the toilet facilities, and by failing to provide medical attention when Childs was on a nutraloaf diet and in segregation. (Nutraloaf is a baked loaf of food made by using the items on the regular prison menu. Prison officials impose a nutraloaf diet when a prisoner throws food.)
 
 
 4
 On July 22, 1993, the district court dismissed defendants Terry, Anderson, and Samson from Childs's lawsuit pursuant to 28 U.S.C. Sec. 1915(d). After further proceedings, a magistrate judge recommended granting summary judgment in favor of the remaining two defendants, Hofbauer and Scott. After de novo review in light of Childs's objections, the district court adopted the recommendation of the magistrate judge and dismissed the case.
 
 
 5
 On appeal, Childs's pro se brief raises the same issues which he raised in the district court concerning the grant of summary judgment. He also argues that the district court improperly dismissed defendants Terry, Anderson and Samson from his lawsuit. Although Childs argues that the district court did not consider his motion to amend his complaint and his summary judgment motion, these documents are contained in the district court record and were considered by the district court. Childs requests oral argument and the appointment of counsel. He has also filed a "motion for default judgment."
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion by dismissing defendants Terry, Anderson and Samson from Childs's civil rights action pursuant to 28 U.S.C. Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Summary judgment was properly entered in favor of the remaining two defendants, Scott and Hofbauer, because there is no genuine issue of material fact and these defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Childs has not shown that he was subjected to specific deprivations so serious as to deny him the minimal civilized measures of life's necessities and that the defendants were deliberately indifferent to his constitutionally protected needs. Wilson v. Seiter, 501 U.S. 294, ----, 111 S.Ct. 2321, 2323-26 (1991). Furthermore, defendants did not violate Childs's due process rights. See Boswell v. Vidor, No. 90-1633, 1991 WL 15152 (6th Cir. Feb. 7, 1991) (unpublished order).
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation